# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELODY E. PENA,

    Plaintiff,

v.              CIV 99-325 MV/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  This matter is before the Court on Plaintiff's (Pena's) Motion to Reverse and Remand for a Rehearing *(Doc. 12)*. The Commissioner of Social Security issued a decision denying Pena's claim for disability insurance benefits and supplemental security income. Having considered the arguments, pleadings, administrative record and relevant law, I find that the Motion is well taken and recommend that it be granted.

### A. Facts/Background

  Pena, who is now 31 years old, applied for supplemental security income benefits September 1, 1995. She alleged disability that began July 3, 1995 from rheumatic fever, asthma, rheumatoid arthritis, and depression. [AR 80-81] The administrative law judge (ALJ) found that Pena had a residual functional capacity for a full range of sedentary work, and found her not disabled. [AR 37] The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of review under 42 U.S.C. § 405(g).

## B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 and 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that (1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other

substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id*.

**C. Issues**

Pena argues that the ALJ made three errors in denying her claim: (1) the ALJ erred in finding that Pena could do sedentary work and in concluding that she could return to her past relevant work;[1] (2) in failing to meet the Commissioner's burden at step five of the evaluation; and, (3) in concluding that Pena was not credible.

My review of the case persuades me that Pena's credibility is the question on which all the other assertions of error hinge. If the ALJ's credibility determination was improper, then her finding that Pena could do sedentary work and her step five evaluation are suspect. That is, these findings necessarily depend on the ALJ's not believing Pena's claims of non-exertional limitations of pain and fatigue.

**D. Discussion**

*1. The ALJ's credibility determination lacked support of substantial evidence.*

Findings as to credibility should be closely and affirmatively linked to substantial evidence. *Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996). The ALJ may consider the claimant's activities in discounting subjective complaints. *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988). However, the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. *Thompson*, 987 F.2d 1482, 1488-1490 (10th Cir. 1993) (characterizing doing light housework and visiting neighbors as minimal daily activities).

---

[1] The Commissioner agrees that the ALJ erred at step four by finding that Pena could return to her past relevant work without considering the demands of the work. [RES 6] Accordingly, I need not further discuss this point.

3

In the present case, the ALJ relied on Pena's daily activities to conclude that Pena's testimony of disability was not credible. [AR 36] Those activities included sending two of her three children to school, and looking after the third at home; walking around to limber up; making the bed; sitting for half an hour; feeding her daughter; vacuuming the whole house; sitting for 45 minutes, doing the dishes, and dusting. Her mother accompanied her on shopping trips and to church on Sundays. [AR 34]

In questioning Pena's credibility, the ALJ appears to have adopted the truth of Pena's testimony concerning her daily activities by stating that the activities did not indicate an inability to do work-related functions. [AR 36] Pena's daily activities, as minimal as they appear in the record, support an inference that they take only a few hours even if Pena did them all every day. *See id.* at 1488. Moreover, Pena testified that these activities required that she stay in bed every Monday to recover from the weekend and nap twice for half an hour during the day. On the present record, it is difficult to conceive of a job, even at the sedentary level, that would allow regular half-hour naps daily and one day off every work week.

Pena's statement that she wanted to return to work does not necessarily contradict her other testimony or compel a conclusion that her testimony of disability was not credible. [AR 36] Finally, the ALJ somewhat mischaracterized Pena's reason for not keeping up with physical therapy. Pena appears to have stopped the physical therapy because it made her hurt worse, [AR 251], not just because it did not help, [AR 36].

For these reasons, I cannot say that substantial evidence supported the ALJ's credibility determination. For the same reasons, the residual functional capacity assessment performed without Pena present lacks the support of corroborating evidence (such as more than minimal

4

daily activities) or firsthand explanations, and does not constitute substantial evidence on the present record. *Ragland v. Shalala*, 992 F.2d 1056, 1058 n. 3 (10th Cir. 1993).

    *2. The ALJ's step five analysis cannot stand given the flawed credibility determination*

Pena first argues that the ALJ should have considered her mental impairments in the step five analysis. [MIS 8] I agree with Pena that the record contains evidence of a mental impairment. However, my review of the record turned up no evidence that Pena's mental impairment had impacted her ability to work. Accordingly, I find no error with the ALJ's decision on this point.

However, the step five analysis may yet be questionable. The medical vocational guidelines (grids) only apply when they accurately describe the claimant's abilities. *Thompson,* 987 F.2d at 1487. On the present record, and because of the ALJ's flawed credibility determination as set forth below, I cannot say that the grids accurately describe Pena's abilities.

### E. Conclusion

I therefore recommend that the Court remand the case to the Commissioner to perform a proper determination of Pena's credibility and reevaluation at steps four and five. The Commissioner may also wish to call a vocational expert to testify concerning how Pena's need for naps and days off might affect her ability to work.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party**

**wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff: Gary J. Martone
  A. Michelle Baca
  Francesca J. MacDowell
  Albuquerque, New Mexico

Counsel for Defendant: Virginia Watson, Special AUSA
  Albuquerque, New Mexico